IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| THOMAS BARTLEY BROOKS, )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>JUSTIN JONES, )<br>)<br>Respondent. ) | Case No. CIV-07-967-D |

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner appearing pro se, brings this action pursuant to 28 U.S.C. § 2254 seeking a writ of habeas corpus. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). In accordance with Rule 4, Rules Governing Section 2254 Cases, the petition has been examined, and for the reason discussed hereafter, summary dismissal of this action is recommended.

Petitioner is attempting to challenge his January 10, 1991, conviction of escape from a penal institution, after former conviction of three felonies, in the District Court of Muskogee County, Case No. CF-1990-411, for which he was sentenced to twenty years of imprisonment. Petition at 2[1] and attached Oklahoma Court of Criminal Appeals ("OCCA") Order Affirming Denial of Second Application for Post-Conviction Relief, Case No. PC-2007-600. The conviction was based on Petitioner's plea of guilty to the charge.

---

[1]The undersigned notes that the printed form petition begins with page number two.

*Id.* The undersigned has liberally construed the petition as raising a single ground for relief based on a claim that his sentence was illegally enhanced.[2]

The undersigned initially notes that the conviction Petitioner is challenging arises out of the state district court of Muskogee County, Oklahoma, which is located within the United States judicial district for the Eastern District of Oklahoma. 28 U.S.C. § 116(b). He is currently incarcerated at the Lawton Correctional Facility which is located in the United States judicial district for the Western District of Oklahoma. 28 U.S.C. § 116(c). Under these circumstances, both federal district courts have jurisdiction to entertain Petitioner's habeas corpus petition. 28 U.S.C. § 2241(d).[3] Pursuant to § 2244(d), the district court for the district in which a habeas petition is filed, may, in the exercise of its discretion and in furtherance of justice, transfer the petition to the other district court for hearing and determination.

Normally, under these circumstances the undersigned would recommended that the matter be transferred to the United States District Court for the Eastern District of

---

[2]Petitioner has failed to set forth any grounds for relief in the space indicated on the form petition; however, he does indicate that he has exhausted his claim by raising the issue in his 2007 post-conviction action filed with the Muskogee County district court. Petition at 6-7. The OCCA order affirming the denial of this request for post-conviction relief reflects that Petitioner alleged that his sentence had been illegally enhanced. Petition, attached OCCA Order in Case No. PC-2007-600. Although Petitioner refers to a direct appeal from his conviction, it is apparent from documents submitted by Petitioner that no direct appeal was initiated.

[3]Under 28 U.S.C. §2241(d):
where an application for a writ of habeas corpus is made ... [in] a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application.

2

Oklahoma, the district where the conviction was obtained.[4] However, for the reasons set forth hereafter, the undersigned finds that it is clear from the face of the petition that Petitioner's challenge to his conviction in Case No. CF-1990-411 is untimely under 28 U.S.C. § 2244(d)(1). Therefore, it is recommended that the action be dismissed rather than transferred.[5]

## Timeliness of the Petition

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which took effect on April 24, 1996, amended 28 U.S.C. §2244 to provide that "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court," running from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

---

[4]Such transfer is generally based on a longstanding policy that justice is normally better served by an adjudication of the case in the district where the conviction was obtained since that is where the trial court officials and records are located, where trial counsel for the prosecution and for the petitioner are ostensibly available, and where any necessary witnesses usually reside in the event an evidentiary hearing is necessary.

[5]Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the Court is under an obligation to review habeas petitions promptly and to summarily dismiss a petition "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief...." The issue of timeliness may be raised *sua sponte* by the Court. *See Day v. McDonough*, 547 U.S. 198, 126 S.Ct. 1675, 1684 (2006) ("[D]istrict courts are permitted, but not obliged, to consider, *sua sponte*, the timeliness of a state prisoner's habeas petition."); *see also Hare v. Ray*, No. 00-6143, 2000 WL 1335428 (10th Cir. Sept.15, 2000)(affirming court's *sua sponte* dismissal of habeas corpus petition as untimely under Rule 4) (Unpublished decisions cited herein are cited as persuasive authority pursuant to Tenth Circuit Rule 32.1).
The undersigned's *sua sponte* consideration of the petition will not prejudice Petitioner since he has responded to the issue of the timeliness of his petition, Petition at 14, and he will have another opportunity to be heard on the issue by filing a timely objection to this Report and Recommendation. *See Smith v. Dorsey*, No. 93-2229, 1994 WL 396069 (10th Cir. July 29, 1994) (unpublished decision) (finding "no due process problem" where magistrate judge raised issue of procedural bar *sua sponte* and petitioner had opportunity to object to report and recommendation prior to district court's adoption thereof) (citing *Hardiman v. Reynolds*, 971 F.2d 500 (10th Cir. 1992)).

3

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). As a general rule, the period of limitation under this statute runs from the date the judgment became "final" as provided by § 2244(d)(1)(A), unless the Petitioner alleges facts that would implicate the provisions set forth in § 2244(d)(1)(B), (C), or (D). *See Preston v. Gibson*, 234 F.3d 1118, 1120 (10th Cir. 2000). Although Petitioner cites to § 2244(d)(1)(C) and alleges facts which can be liberally construed to implicate the provisions of § 2244(d)(1)(B), Petition at 14, the undersigned finds no basis for applying either of these provisions.[6] Therefore, the petition has been considered under § 2244(d)(1)(A).

Application of the provisions of § 2244(d)(1)(A) to the instant case leads to the conclusion that this habeas petition was filed long after the expiration of the one-year

---

[6] Although Petitioner cites § 2244(d)(1)(C), as a later triggering date governing the timeliness of his petition, Petition at 14, that section is inapplicable because Petitioner fails to allege that the timing of his petition is controlled by any decision by the United States Supreme Court. To the extent that Petitioner may be seeking a later onset of the one-year limitation period under § 2244(d)(1)(B) based on a claim that his court-appointed counsel's ineffective assistance constituted a state-created impediment to the filing of his federal habeas action, such claim is likewise without merit. *See Irons v. Estep*, No. 05-1412, 2006 WL 991106, *1 (10th Cir. April 17, 2006) (unpublished decision) (dismissing appeal of district court's conclusion that § 2254 petition was time-barred and that ineffective assistance of appointed counsel cannot constitute a state-created impediment under § 2244(d)(1)(B) for purposes of a separate triggering date because defense attorneys are not state actors when "performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding") (citing *Polk County v. Dodson*, 454 U.S. 312, 325 (1981)). Moreover, Petitioner does not suggest how any actions of his attorney prevented him from filing his § 2254 petition in a timely manner.

limitations period. Petitioner entered his plea of guilty to escape from a penal institution, on January 10, 1991, and the publicly available docket, of which the undersigned takes judicial notice, reflects that his sentence of twenty years of imprisonment was pronounced on that date.[7] *See* Oklahoma District Court Records, District Court of Muskogee County, *State v. Thomas Bartley Brooks*, Case No. CF-1990-411, available at http://odcr.com (accessed November 29, 2007). Under Oklahoma law, in order to appeal from a conviction on a guilty plea, a defendant must file an application to withdraw his guilty plea within ten days after the pronouncement of a judgment and sentence. *See* Rule 4.2(A), Rules of the Oklahoma Court of Criminal Appeals (OCCA). Petitioner did not appeal from his guilty plea, and as a result, his conviction became "final" for purposes of § 2244(d)(1)(A) on January 20, 1991.[8] *See* OCCA Rule 4.2(A); *see also Fisher v. Gibson*, 262 F.3d 1135, 1142 (10th Cir. 2001) (holding petitioner's three convictions pursuant to an entry of guilty pleas were final ten days after entry of each judgment and sentence where petitioner failed to appeal each conviction, citing OCCA Rule 4.2). Because Petitioner's conviction became final before the effective date of the AEDPA, the one year period for filing his federal habeas petition began to run on April 24, 1996. *Hoggro v. Boone*, 150 F.3d at 1225-26 (for prisoners who were sentenced prior to the April 24, 1996, effective date of AEDPA, there is an equitable "grace" period of one year from

---

[7]Petitioner asserts that judgment was entered, and he was sentenced on January 10, **1990**. Petition at 1 (emphasis added). This incorrect date appears to be a typographical error of the sort often seen with respect to a January date.

[8]Petitioner answered the question on the form petition regarding a direct appeal in the affirmative; however, the information provided in that regard clearly identifies the "appeal" as a post-conviction action filed in the trial court. Petition at 3.

April 24, 1996, to file their habeas petitions). Therefore, Petitioner had until April 24, 1997, to file his federal habeas action. *Malone v. State*, Nos. 03-6246, 03-6175, 2004 WL 1249850, at *1 (10th Cir. June 8, 2004) (unpublished decision) (the one year limitation period should be calculated using anniversary date method, citing *United States v. Hurst*, 322 F.3d 1256, 1260-61 (10th Cir. 2003)). This action was not filed until August 30, 2007, over ten years after the expiration of the applicable one-year period. In the absence of tolling, the petition is clearly untimely under § 2244(d)(1)(A).

Statutory Tolling

The limitations period is tolled for "[t]he time during which a properly filed application for State post-conviction relief... is pending," 28 U.S.C. § 2244(d)(2); *Hoggro v. Boone*, 150 F.3d 1223, 1226 (10th Cir. 1998). According to Petitioner, he filed a post-conviction application in state district court on April 26, 2007, which was denied by the district court, and the denial was upheld on appeal. Petition at 6 and 7. The OCCA Order dated August 6, 2007, affirming the denial of this post-conviction application indicates that the 2007 post-conviction action was Petitioner's second such action but that the denial of the first petition was not appealed. *See Order* attached to Petition. Although Petitioner fails to include information about the first post-conviction action, the Muskogee County District Court docket reflects that Petitioner filed a post-conviction application on October 21, 1991, which application was denied on January 31, 1992. Because neither of Petitioner's two post-conviction applications were filed during the pendency of the one-year limitations period which ran from April 24, 1996, to April 24, 1997, those actions did not operate under 28 U.S.C. § 2244(d)(2) to toll the limitation

6

period. *See Fisher v. Gibson*, 262 F.3d 1135, 1142-43 (10th Cir. 2001) (finding petitioner's federal habeas petitions were not tolled for time spent in state post-conviction proceedings because his applications were not filed until after the end of the applicable one-year grace period). Therefore, the undersigned finds no basis for statutory tolling in this case. Absent a basis for equitable tolling, the petition, filed on August 30, 2007, is time-barred.

Equitable Tolling

The Tenth Circuit has held that the limitations period may be equitably tolled under circumstances where its application would possibly render the habeas remedy "inadequate and ineffective." *Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998).[9] However, equitable tolling is appropriate only "in rare and exceptional circumstances," such as when a prisoner is actually innocent, when uncontrollable circumstances prevent the prisoner from timely filing, or when the prisoner actively pursued judicial remedies but filed a defective pleading during the statutory period. *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000) (quotations and citations omitted). It is Petitioner's burden to demonstrate extraordinary circumstances beyond his control that caused the untimely filing and that he diligently pursued his federal habeas claims. *Miller*, 141 F.3d at 977-78; *see also Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000) (noting that equitable tolling "is only available when an inmate diligently pursues his claims and demonstrates

---

[9]The Supreme Court has not specifically decided the issue of whether equitable tolling applies to time limits for the filing of federal habeas petitions by state prisoners but has assumed *arguendo* that equitable tolling is available. *See Lawrence v. Florida*, ___U.S.___, 127 S.Ct. 1079, 1085 (2007). In *Lawrence*, the Court referred to the standards for equitable tolling articulated in *Pace v. DiGuglielmo*, 544 U.S. 408, 418, (2005): a petitioner must show that he has been pursuing his rights diligently and that some extraordinary circumstance prevented him from making a timely filing. *Lawrence*, 127 S.Ct. at 1085.

7

that the failure to timely file was caused by extraordinary circumstances beyond his control").

In the portion of the petition that specifically requests information regarding timeliness of the petition, Petitioner attempts to invoke equitable tolling on the basis of ineffective assistance of counsel. Petition at 14. According to Petitioner, his court-appointed trial attorney incorrectly advised him that he could appeal his case "any time after [his] conviction was final." *Id.* Petitioner contends that counsel's advice fell below the standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984), and that he was "prevented from filing due to State actions." *Id.*[10]

To the extent Petitioner is alleging that he is entitled to equitable tolling because his court-appointed attorney gave him bad advice regarding the time within which he could file an "appeal," the undersigned finds that such claim does not constitute an "extraordinary circumstance" beyond Petitioner's control which prevented his timely filing of this action. *See Davidson v. McKune*, Case No. 06-3019, 2006 WL 2328755, *2 (10th Cir. Aug. 11, 2006) (unpublished decision) (rejecting attorney miscalculation or mistake with respect to the limitations period as an "extraordinary circumstance" justifying equitable tolling) (citing *Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000) and *United States v. Martin*, 409 F.3d 1089, 1093 (8th Cir. 2005)); *see also Fugate v. Atherton*, No. 01-1362, 2002 WL 747805 (10th Cir. April 29, 2002) (unpublished decision) ("Mr. Fugate's vague and conclusory claims that the trial court and his counsel prevented him from taking a direct appeal do not constitute an "extraordinary circumstance" meriting

[10]See discussion in Note 6, *supra*.

equitable tolling."). Petitioner does not allege that he ever attempted to withdraw his guilty plea in order to appeal from his conviction, nor does he explain how counsel's alleged inaccurate advice regarding an appeal prevented him from timely filing this action.

In any event, Petitioner clearly fails to show the required diligence in pursuing his claim for relief based on the alleged illegal enhancement of his sentence. Although Petitioner filed a post-conviction action within the year after his conviction, he failed to appeal the denial of that action and waited over fifteen years before filing a second post-conviction action. *See* OCCA Order attached to Petition. The record reflects no explanation or justification for Petitioner's lack of diligence. The undersigned finds that Petitioner has not pled facts sufficient to support equitable tolling of the limitations period. *Loving v. Mahaffey*, No. 01-7063, 27 Fed. Appx. 925, 926 (10th Cir. Dec. 10, 2001) (unpublished decision) (holding that equitable tolling was unavailable due to the habeas petitioner's lack of diligence, notwithstanding his placement of blame on his attorney for failure to file a notice of appeal as requested).

Accordingly, the undersigned finds that Petitioner has shown neither "extraordinary circumstances" which would warrant equitable tolling in this case nor due diligence in pursuing his federal habeas claim. Thus, the application of the doctrine of equitable tolling is not appropriate here.

In sum, because the instant petition is time-barred under 28 U.S.C. § 2244(d)(1)(A), it would not be in the best interest of justice to transfer the matter to the United States District Court for the Eastern District of Oklahoma. Under these

9

circumstances, the undersigned recommends summary dismissal of the action with prejudice.

## RECOMMENDATION

For the reasons discussed herein, it is the recommendation of the undersigned Magistrate Judge that the petition be dismissed. Petitioner is advised of his right to object to this Report and Recommendation by the 27th day of January 2008, in accordance with 28 U.S.C. § 636 and Local Civil Rule 72.1, by filing any objections with the Clerk of the District Court. Petitioner is further advised that failure to make timely objection to this Report and Recommendation waives the right to appellate review of both factual and legal issues contained herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the Magistrate Judge in this matter.

ENTERED this 7 day of January, 2008.

BANA ROBERTS
UNITED STATES MAGISTRATE JUDGE