IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| THOMAS BARTLEY BROOKS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | NO. CIV-07-967-D |
| | ) | |
| | ) | |
| JUSTIN JONES, | ) | |
| | ) | |
| Respondent. | ) | |

O R D E R

Petitioner, a state prisoner appearing *pro se*, filed this action on August 30, 2007; he seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254 based on a challenge to his 1991 state conviction. In accordance with 28 U.S.C. § 636(b)(1)(B), the matter was referred to United States Magistrate Judge Bana Roberts for initial proceedings. As required by Rule 4 of the Rules Governing Section 2254 Cases, the Magistrate Judge promptly examined the petition. On January 7, 2008, Judge Roberts filed a Report and Recommendation [Doc. No. 8] in which she recommended that the petition be dismissed upon filing because the statute of limitations has expired on the claims asserted therein. Because Petitioner timely objected to the Report and Recommendation, the matter is reviewed *de novo*.

According to Rule 4 of the Rules Governing Section 2254 Cases, an examination of the petition upon filing is required to determine if it appears, from the face of the petition and any exhibits, that the petitioner is not entitled to relief. If so, the rule requires that the Court summarily dismiss the action.

In this case, initial review of the petition reflects that it is not timely filed pursuant to 28

U.S.C. § 2244(d)(1), which provides that a petition for habeas relief must be filed within one year from the latest of the following:

> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U. S. C. § 2244(d)(1).  The period of limitation begins to run on the date the judgment becomes final, as set forth in subsection (A),  unless the Petitioner alleges facts which could implicate the provisions of the remaining subsections of the statute.  *Preston v. Gibson*, 234 F.3d 1118, 1120 (10th Cir. 2000).

In this case, the Magistrate Judge concluded that Petitioner's allegations establish that the only application limitations period is  that which commenced when the judgment at issue became final.   As she noted, even if the allegations are construed most liberally in his favor, none of the remaining bases for triggering the statute of limitations could reasonably be applied in this case.  *See* Report and Recommendation at page 4, n. 6.  The Court agrees with her analysis and adopts the same as set forth herein.

Accordingly, the statute of limitations on Petitioner's habeas claims expired one year after the judgment became final.   Because Petitioner's 1991 conviction  was final before the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), the one-year period

was extended and commenced on April 24, 1996. *See Hoggro v. Boone*, 150 F.3d 1223, 1225-26 (10th Cir. 1998). Therefore, the statute of limitations on Petitioner's claims expired on April 24, 1997. Because this action was not filed until August 30, 2007, the Petitioner's claim is time-barred.

As the Magistrate Judge also noted, the limitations period may be tolled if the Petitioner filed an application for post-conviction relief; if so, tolling applies to the time during which that application was pending. *Id.* at 1226. However, the record reflects that Petitioner's applications for post-conviction relief were not pending during the limitations period prescribed by the AEDPA. Accordingly, the statutory tolling provision set forth in 28 U. S. C. § 2244(d)(2) did not extend the limitations period. *Fisher v. Gibson*, 262 F.3d 1135, 1142-43 (10th Cir. 2001).

The limitations period may, however, also be affected by equitable tolling. Equitable tolling is appropriate only in "rare and exceptional circumstances" which could render the habeas remedy inadequate and ineffective. *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000); *Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998). Such circumstances may be found when a prisoner is actually innocent, when uncontrollable circumstances prevent him from timely filing a habeas claim, or when he timely pursued a habeas remedy, but filed a defective pleading. *Gibson*, 232 F.3d at 808. The Petitioner bears the burden of demonstrating the existence of these or other extraordinary circumstances beyond his control which prevented a timely filing; he must also show that he diligently attempted to pursue his claims within the limitations period. *Miller*, 141 F.3d at 977-78.

In this case, the Magistrate Judge discussed in detail the record and Petitioner's arguments and, construing the same most liberally in his favor, concluded that he has failed to make the requisite showing to warrant equitable tolling. Report and Recommendation at pages 7-9. The Court agrees with that analysis and adopts the same as though set forth herein.

The Court has reviewed the Petitioner's objection to the Report and Recommendation, and finds it insufficient to warrant rejecting the recommendation of the Magistrate Judge. Having conducted a *de novo* review, the Court concludes that the Magistrate Judge correctly concluded that this action must be dismissed as untimely. Therefore, the Report and Recommendation [Doc. No. 8] is adopted as though fully set forth herein. This action is DISMISSED[1] upon filing with prejudice.

IT IS SO ORDERED this  14th  day of April, 2008.

TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE

---

[1] *As the Magistrate Judge noted, Petitioner was convicted in Muskogee County, Oklahoma, located within the Eastern District of Oklahoma. However, he is incarcerated at the Lawton Correctional Facility, located in this District. Under these circumstances, both District Courts technically have jurisdiction to consider the habeas petition; however, this Court could exercise its discretion to transfer the action to the Eastern District of Oklahoma. The Court agrees with the Magistrate Judge that a transfer under these circumstances is unnecessary because the action is untimely.*